IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MILTON WILLIAMS,
    *Plaintiff*,

v.

BRYSON STEPHEN, *et al.*,
    *Defendants*

Civil Action No.
24-cv-01601-ABA

**MEMORANDUM OPINION**

On March 6, 2024, a notice of intent to foreclose Plaintiff Milton Williams's property, located at 11514 Scotch Hills Place in Waldorf, Maryland (the "Waldorf Property"), was filed in the Circuit Court for Charles County, Maryland (the "State Foreclosure Action"). Plaintiff, acting *pro se*, subsequently filed a complaint in federal court against Bryson Stephen; Robertson, Anschutz, Schneid, Crane & Partners, PLLC; Keith Yacko (collectively, the "Attorney Defendants"); Judge Monise A. Brown, Associate Judge of the Charles County Circuit Court; the State of Maryland; Maryland Land Records (collectively, the "State Defendants"); H.O.A. Sheffield Neighborhood Association Inc.; and U.S. Bank (all collectively, the "Defendants").[1] Plaintiff further filed two demands for default against several of the Defendants. ECF Nos. 6, 23.

---

[1] Plaintiff filed a supplement to his complaint on July 30, 2024, requesting to add Kathryn Hummel, lead attorney for the State Defendants, as a new defendant. ECF No. 14. Plaintiff asserts that Kathryn Hummel "has a conflict of interest in hearing any case that involve[s] the government . . . due to the fact [that] attorneys [are] paid by the government." *Id.* at 1. The Court will construe that filing as a motion for leave to file an amended complaint. Requests for leave to amend may be "denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020). Plaintiff's motion identifies no basis for any cognizable cause of action against Ms. Hummel, and thus is clearly insufficient and frivolous on its face, and is denied.

Defendants have moved to dismiss this case or, in the alternative, abstain. No hearing is necessary. *See* Loc. R. 105.6.

For the reasons stated below, the Court concludes abstention is appropriate pending resolution of the ongoing Maryland state court proceeding, and accordingly will stay the case pending the resolution of *Keith Yacko, et al. v. Milton Williams*, C-08-CV-24-000164, in the Circuit Court for Charles County. The Court will deny without prejudice the Motions to Dismiss the Complaint filed by the Attorney Defendants and State Defendants, and deny as moot Plaintiff's demands for default.

I.   **BACKGROUND**

While this Court assumes the truth of the facts alleged in this case at this stage of the proceedings, the Complaint, which appears to be a variation of a form complaint previously filed before several other judges of this Court,[2] asserts little detail on the factual circumstances leading up to this case. Nevertheless, the Court will attempt to summarize the relevant factual allegations in the Complaint, incorporating information obtained from the various filings in this case and the State Foreclosure Action.[3]

---

[2] *See, e.g.*, *Lee et al. v. Meyers, Esq. et al.*, No. ELH 21-1589 (D. Md. June 28, 2021); *Jones v. Ward*, No. GJH 20-3225 (D. Md. Nov. 6, 2020); *Brown v. Ocwen Loan Servicing, LLC*, No. PJM 14-3454 (D. Md. Nov. 3, 2014); *Simmons v. Bank of America, N.A. et al.*, No. PJM 13-0733 (D. Md. Mar. 8, 2013); *Somarriba et al. v. Greenpoint Mortgage Funding, Inc. et al.*, No. RWT 13-0072 (D. Md. Jan. 8, 2013); *Puryear et al. v. Dynamic Capital Mortgage, Inc. et al.*, No. AW 12-3703 (D. Md. Dec. 18, 2012).

[3] At this stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). This Court also "may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, No. PJM 14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x 200 (4th Cir. 2016); Fed. R. Evid. 201(b)(2).

Around July 12, 2019, Plaintiff purchased the Waldorf Property and obtained a mortgage loan in the amount of $291,000. ECF No. 1 at 11. Plaintiff alleges that he was "never provided a loan" and that "the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." *Id.*[4] Plaintiff asserts that he made timely monthly mortgage payments of $2,049.00 from September 2019 to July 2023. *Id.* at 14. Plaintiff claimed that, in late 2023, U.S. Bank claimed that Plaintiff fell behind on his monthly payments and engaged the Attorney Defendants to begin the foreclosure process on the Waldorf Property. *Id.* On March 6, 2024, the Attorney Defendants, representing U.S. Bank, N.A., the foreclosing financial institution, filed the State Foreclosure Action, naming Plaintiff as a defendant. *Id.* at 5-6; *Keith Yacko, et al. v. Milton Williams*, C-08-CV-24-000164 (Charles County Circuit Court, Md. Mar. 6, 2024). Three months later, on June 3, 2024, Plaintiff filed his complaint in this Court. ECF No. 1.

The Complaint, titled "20 Million Dollar Civil Lawsuit For Non-Judicial Wrongful Foreclosure Breach of Contract And This Claim Is Also For the Attorney's Assets," asserts claims for "Wrongful Foreclosure"; violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; "Breach of Contract"; "Violation of Federal Trust and Lien Laws"; "Slander of Title"; "Slander of Credit"; and "Infliction of Emotional Distress." ECF No. 1 at 16-17. Plaintiff alleges numerous deficiencies in the mortgage foreclosure process, and asks the Court, among other things, to vacate the foreclosure; to determine that the actions of defendants were "unfair and deceptive business practices"; to discharge his debt; to award him compensatory, punitive, and consequential damages; and to correct false information reported to

---

[4] It is unclear what "FED" refers to.

credit reporting agencies. *Id.* at 17. The Complaint does not refer to or discuss any of the State Defendants. *Id.* at 10-11.

On June 25, 2024, Plaintiff filed a "Notice and Demand for Default Pursuant Rule 56(C)(2)(3)(4)" against Bryson Stephen, Judge Monise A. Brown, Keith Yacko, and U.S. Bank. ECF No. 6. The notice asserts that "[t]he defendants have chosen to not argue or deny the merits of my claim and thus they are now procedurally barred from any argument on these claims in the future," and requests that the Clerk issue defaults against the listed defendants, that the Court grant the full $20 million demanded in the Complaint, and that the Court "order the defendants to discharge the alleged debt, provide plaintiff with clear title, and contact the credit reporting agencies to correct the false information reported to them that is damaging plaintiff's credit history." *Id.* at 1 (emphasis omitted). On September 6, 2024, Plaintiff filed a "2nd Notice and Demand for Default Pursuant Rule 56(C)(2)(3)(4)," asserting claims similar to those in the Complaint. ECF No. 23 at 1.

The Attorney Defendants and State Defendants filed motions to dismiss on June 26, 2024, and August 16, 2024, respectively. ECF Nos. 7, 19. Plaintiff did not file a response to either motion, or effectuate service on H.O.A. Sheffield Neighborhood Association Inc., Maryland Land Records, or U.S. Bank.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

### III.   DISCUSSION

Defendants assert several grounds for dismissal: (1) failure to satisfy Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure; (2) failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (3) Eleventh Amendment immunity and absolute judicial immunity. ECF No. 7 at 3; ECF No. 19 at 1. The Defendants argue, in the alternative, that the Court should abstain from exercising jurisdiction over this case under the *Colorado River* abstention doctrine. ECF No. 7 at 5-8; ECF No. 19 at 5-6.

The Court agrees that it should abstain from adjudicating this case pursuant to the *Colorado River* abstention doctrine. Therefore, the Court need not at this time address the remaining arguments presented by the Defendants.

#### A.   *Colorado River* Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied."

*Gannett Co., Inc. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002). First, "parallel litigation" must exist in federal and state court. *Id.* at 740, 741. Second, there must be the presence of "exceptional circumstances warranting abstention." *Id.* (citing *Colorado River*, 424 U.S. at 813) (internal quotation marks omitted).

### 1. Parallel Proceedings

The threshold question in determining whether *Colorado River* abstention applies is whether the state and federal court suits are "parallel." *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017). State and federal suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The Fourth Circuit strictly construes this standard and requires "that the parties involved be almost identical," *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005), and that the legal issues are not merely "overlapping legal theories," but rather that the lawsuits are substantially identical. *U.S. Equal Emp. Opportunity Comm'n v. Phase 2 Invs. Inc.*, 333 F. Supp. 3d 505, 515 (D. Md. 2018).

The suits here are parallel proceedings. First, the parties involved in the state and federal suits are nearly identical. The State Foreclosure Action plaintiffs are Keith Yacko, David Williamson, Bryson Stephen, and Thomas Gartner, the foreclosing financial institution is U.S. Bank, and the State Foreclosure Action defendant is Milton Williams, with Judge Monise A. Brown presiding over the case in the Circuit Court for Charles County. The State Foreclosure Action and this action involve many of the same parties, including attorneys who represent the plaintiffs in the State Foreclosure Action, and other parties that may be in privity with the plaintiffs in the State Foreclosure Action. Plaintiff cannot avoid *Colorado River* abstention by

merely naming additional related defendants in this federal action (who have not all been served and may or may not exist). *See id.* Second, the issues raised by Plaintiff are precisely the same as those he has raised as defenses in motions submitted in the State Foreclosure Action, namely that the foreclosure is unlawful, the State Foreclosure Action plaintiffs do not have standing to foreclose, and that the foreclosure action should be vacated.

Therefore, this Court finds that the State Foreclosure Action and this suit are parallel proceedings under *Colorado River* and turns to whether the balance of extraordinary factors or circumstances justifies abstention.

### 2. Balance of Abstention Factors

Once the proceedings are considered "parallel," the Court must determine the presence of "exceptional circumstances warranting abstention," based on six factors: "(1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights." *Gannett*, 286 F.3d at 741 (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983)); *see also Chase Brexton*, 411 F.3d at 463-64. Courts must carefully balance these factors rather than apply them in a rigid fashion. *Moses H. Cone*, 460 U.S. at 16.

The first and fourth factors clearly weigh in favor of abstention. The Circuit Court of Charles County assumed jurisdiction over the Waldorf Property when the State Foreclosure Action commenced, and the State Foreclosure Action preceded this federal suit.

The second factor also weighs in favor of abstention. The Waldorf Property is located in the jurisdiction of the state court (Charles County), compared to the 60-mile distance between

the Waldorf Property and this Court. *See Colorado River*, 424 U.S. at 820 (finding a 300-mile distance between the state and federal courthouses to be significant in determining whether a jurisdiction is inconvenient).

The third factor also weighs in favor of abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett*, 286 F.3d at 744 (quoting *Am Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Although this factor requires a showing of concerns beyond "the threat of piecemeal litigation" that is "a prospect inherent in all litigation," *Chase Brexton*, 411 F.3d at 465, Plaintiff here raises the same issues regarding the same foreclosure action against the Waldorf Property in both the state and federal court actions. Abstention would avoid the risk of conflicting decisions on those issues.

The fifth factor weighs in favor of abstention too. Contrary to what Plaintiff attempts to assert in his Complaint, there do not seem to be any novel issues of federal law involved in this case, which instead is a straightforward foreclosure proceeding, which are traditionally handled in state court.

Lastly, the sixth factor weighs in favor of abstention as well. Plaintiff has not provided a sufficient basis for this Court to believe that Plaintiff will be unable to be properly heard on the various claims he has raised in his Complaint in the State Foreclosure Action.

### 3. Relief

The circumstances of this litigation strongly counsel in favor of abstention. When a federal court invokes abstention in a case seeking only money damages, it generally may do so "only for the purposes of staying the action" and "may not subject it to 'outright dismissal or remand.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Plaintiff seeks both

damages and injunctive relief in this present action. Although this action is not solely equitable in nature, the Supreme Court cautions against dismissal when staying the action would be a "wise and productive discharge of [judicial duty]" because a stay involves "only postponement of decision for its best fruition." *Id.* Therefore, this Court will stay the action rather than dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will DENY without prejudice Defendants' motions to dismiss (ECF Nos. 7, 19). These proceedings are stayed pending the resolution of *Keith Yacko, et al. v. Milton Williams*, C-08-CV-24-000164, in the Circuit Court for Charles County. At such time as either party may have a basis for reviving the present suit consistent with this Opinion, either may do so by filing a motion with the Court, and the opposing party shall have an opportunity to file an appropriate response. The Court will also DENY AS MOOT Plaintiff's Default Judgment Motions (ECF Nos. 6, 23). The parties shall file status reports in this case every 60 days, beginning December 1, 2024.

A separate order follows.

Date:   October 23, 2024                     /s/
                                        Adam B. Abelson
                                        United States District Judge